******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# MERINDA J. SEMPEY *v.* STAMFORD HOSPITAL
## (AC 39221)

DiPentima, C. J., and Lavine and Pellegrino, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendant in connection with the alleged wrongful termination of her employment by the defendant. The plaintiff initially had brought a claim before the Commission on Human Rights and Opportunities, which issued a release of jurisdiction that required the plaintiff to commence an action alleging discrimination under the Connecticut Fair Employment Practices Act (§ 46a-51 et seq.) in the Superior Court within ninety days. Nine days later, the plaintiff commenced an action alleging wrongful discharge in violation of public policy, negligent infliction of emotional distress and violations of the Connecticut Unfair Trade Practices Act (CUTPA) (§ 42-110a et seq.). After the trial court granted a motion to strike filed by the defendant, the plaintiff filed an amended substitute complaint alleging claims in three counts for race discrimination, certain tortious conduct involving her alleged wrongful termination and violations of CUTPA. The defendant filed a motion to strike all three counts of the amended substitute complaint and a separate motion to dismiss the first count alleging race discrimination for lack of subject matter jurisdiction. The court summarily granted both motions, dismissed the case and issued two memoranda of decision, which reflected that the court granted both motions as to all three counts. From the judgment rendered thereon, the plaintiff appealed to this court. *Held*:

1. The plaintiff could not prevail on her claim that the trial court erred by considering the defendant's motion to dismiss while the defendant's second motion to strike was pending and before the time to file a substitute complaint had passed; the requirement of subject matter jurisdiction cannot be waived by any party, may be raised at any stage of the proceedings and must be immediately acted on by the court, and given that the defendant moved to dismiss count one of the amended substitute complaint for lack of subject matter jurisdiction due to the plaintiff's failure to bring her claim of race discrimination within ninety days of the commission's release of jurisdiction, that the plaintiff's original complaint, which was timely, did not allege race discrimination, and that such a claim was alleged only in the amended and amended substitute complaints, which were filed outside the ninety day time limit, the court's consideration of the motion to dismiss count one was proper.

2. The trial court properly dismissed count one of the amended substitute complaint; contrary to the plaintiff's claim, the allegations of the original complaint did not sufficiently state a claim of race discrimination so as to put the defendant on notice of such a claim, and, therefore, the plaintiff's claim of discrimination on the basis of race, as alleged in the amended substitute complaint, did not relate back to the original complaint and was untimely.

3. The trial court erred in dismissing counts two and three of the plaintiff's amended substitute complaint without affording the plaintiff the opportunity either to defend herself against a motion to dismiss those counts or to replead the stricken counts: because the defendant filed a motion to dismiss only as to count one, which alleged race discrimination, the trial court, which misinterpreted the scope of the defendant's motion to dismiss, lacked the authority to dismiss counts two and three when the defendant did not seek the dismissal of those counts, and the defendant's claim that the court's error was harmless was unavailing, as the court's decision was not premised on preclusion or framed as a response to repetitive or futile pleading, and there was neither a showing by the defendant nor a conclusion by the court that the plaintiff could not demonstrate that repleading would not rectify the stricken counts; accordingly, this court's reversal of the dismissal of counts two and three restored the case to the trial court docket, and the plaintiff had to be given the opportunity to replead.

Argued September 15, 2017—officially released April 3, 2018

*Procedural History*

Action to recover damages for, inter alia, the plaintiff's alleged wrongful termination, and for other relief, brought to the Superior Court in the judicial district of Fairfield, where the court, *Hon. Richard P. Gilardi*, judge trial referee, granted the defendant's motion to strike; thereafter, the court granted the defendant's second motion to strike; subsequently, the court granted the defendant's motion to dismiss and rendered a judgment of dismissal, from which the plaintiff appealed to this court. *Reversed in part*; *further proceedings.*

*Laurence V. Parnoff*, with whom, on the brief, was *Laurence V. Parnoff, Jr.*, for the appellant (plaintiff).

*Justin E. Theriault*, with whom, on the brief, was *Beverly W. Garofalo*, for the appellee (defendant).

*Opinion*

DiPENTIMA, C. J. The plaintiff, Merinda J. Sempey, appeals from the judgment of the trial court dismissing her case against the defendant, Stamford Hospital. On appeal, the plaintiff claims that the court erred by (1) granting the defendant's motion to dismiss count one of the amended substitute complaint, and (2) dismissing the matter in its entirety when the defendant had moved to dismiss only count one. Although we disagree that the court erred in granting the motion to dismiss count one of the amended substitute complaint, we agree that the court erred in dismissing counts two and three. Accordingly, we reverse the judgment of the trial court as to counts two and three of the amended substitute complaint and remand the case for further proceedings; we affirm the judgment in all other respects.

The following facts and procedural history are relevant to our consideration of this matter. The plaintiff was a nurse employed at will by the defendant from November 9, 1990, to September 30, 2013. The defendant terminated the plaintiff's employment for allegedly violating patient privacy rules outlined in its employee manual.

Pursuant to General Statutes § 46a-82 et seq., the plaintiff brought a claim before the Commission on Human Rights and Opportunities (commission) which, on August 25, 2014, issued a release of jurisdiction pursuant to General Statutes § 46a-100 et seq. That release required the plaintiff to commence an action alleging discrimination under the Connecticut Fair Employment Practices Act (act), General Statutes § 46a-51 et seq., in the Superior Court within ninety days. Nine days later, on September 3, 2014, the plaintiff commenced a timely *action* against the defendant, but did not allege a *claim* of discrimination in violation of the act. Instead, the plaintiff alleged (1) wrongful discharge in violation of public policy, (2) negligent infliction of emotional distress and (3) violations of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq.

On November 26, 2014, the defendant moved to strike all three counts of the original complaint. The court granted that motion over the plaintiff's opposition on August 6, 2015. Thereafter, on August 20, 2015, the plaintiff filed a substitute complaint, which she later amended on September 18, 2015 (amended substitute complaint). In the amended substitute complaint, the plaintiff alleged three counts: race discrimination (count one), a tortious conduct claim, specifically, wrongful discharge involving defamation and breach of an implied employment contract causing the negligent infliction of emotional distress (count two), and violations of CUTPA predicated upon the first two counts (count three).

On September 21, 2015, the defendant moved to strike all three counts of the amended substitute complaint and, on the same day, filed a separate motion to dismiss count one for lack of subject matter jurisdiction. The plaintiff opposed both motions. Following argument, the court summarily granted both motions on January 6, 2016, and dismissed the case. On January 12, 2016, the plaintiff requested memoranda of decision, which the court issued on April 28, 2016. In those memoranda, which track one another closely in their legal conclusions, the court determined that (1) it lacked subject matter jurisdiction over the race discrimination claim, (2) the termination of an at-will employee did not constitute a violation of public policy or negligent infliction of emotional distress and (3) an employment relationship does not implicate trade or commerce as required by CUTPA. The memoranda reflect that the court granted both motions as to all three counts and rendered judgment for the defendant accordingly. On May 17, 2016, the plaintiff filed her appeal from the dismissal of the amended substitute complaint.[1]

On appeal, the plaintiff claims that the court erred in dismissing the case in two ways. The plaintiff argues that the court erred by (1) considering the defendant's motion to dismiss while the defendant's second motion to strike was pending and before the time to file a substitute complaint had passed and (2) dismissing the matter in its entirety even though the defendant had moved to dismiss only count one. The defendant counters that (1) a motion to dismiss for lack of subject matter jurisdiction may be filed and resolved at any time, (2) the court has broad discretion to manage cases, including entering judgment upon a question of law, and (3) the error, if any, was harmless. We conclude that the court properly dismissed count one of the amended substitute complaint but erred in dismissing the remaining two counts.

I

The plaintiff first claims that the court erred in considering, and granting, the defendant's motion to dismiss after the defendant had filed the second motion to strike and before the fifteen day period for filing a substitute complaint had expired.[2] Specifically, the plaintiff contends that (1) by filing its second motion to strike the amended substitute complaint, the defendant had to wait until the plaintiff was able to replead to file a motion to dismiss, and (2) the court had subject matter jurisdiction over count one of the amended substitute complaint. We disagree that the court erred in dismissing count one.

A

The plaintiff argues that by filing the second motion to strike, the defendant had to wait until the plaintiff was able to replead to file a motion to dismiss. This

contention is without merit.

Practice Book § 10-33 provides that "[a]ny claim of lack of jurisdiction over the subject matter *cannot be waived*; and *whenever* it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the judicial authority shall dismiss the action." (Emphasis added.) Indeed, "[a] court lacks discretion to consider the merits of a case over which it is without jurisdiction. . . . The objection of want of jurisdiction may be made at any time . . . . The requirement of subject matter jurisdiction *cannot be waived by any party and can be raised at any stage in the proceedings*." (Emphasis added; internal quotation marks omitted.) *Fairfield Merrittview Ltd. Partnership* v. *Norwalk*, 320 Conn. 535, 548, 133 A.3d 140 (2016). "It is axiomatic that once the issue of subject matter jurisdiction is raised, it must be immediately acted upon by the court. *Statewide Grievance Committee* v. *Rozbicki*, 211 Conn. 232, 245, 558 A.2d 986 (1989); *Cahill* v. *Board of Education*, 198 Conn. 229, 238, 502 A.2d 410 (1985). . . . [A]s soon as the jurisdiction of the court to decide an issue is called into question, all other action in the case must come to a halt . . . ." *Gurliacci* v. *Mayer*, 218 Conn. 531, 545, 590 A.2d 914 (1991).

Here, the defendant moved to dismiss count one of the amended substitute complaint for lack of subject matter jurisdiction. In particular, the defendant argued that the court lacked jurisdiction over the subject matter of count one because the plaintiff failed to bring her claim of race discrimination within ninety days of the commission's release of jurisdiction pursuant to § 46a-101.[3] It is indisputable that the plaintiff's original complaint did not allege race discrimination in violation of the act, but that the amended and amended substitute complaints, which were filed outside the ninety day time limit, did. Accordingly, the court's consideration of the defendant's motion to dismiss count one of the amended substitute complaint for lack of subject matter jurisdiction was proper.

### B

Alternatively, the plaintiff contends that the court erred in granting the motion to dismiss count one of the amended substitute complaint on its merits. The parties agree that the plaintiff commenced the original action well within the ninety day time limit. Likewise, there is no dispute that the plaintiff's substitute and amended substitute complaints fall outside that same time limit. The issue, therefore, is whether the plaintiff's original complaint sufficiently states a claim of race discrimination. If it does, the discrimination claim is timely; if it does not, the discrimination claim is time barred. The plaintiff contends that although the allegations in her original complaint, filed September 8, 2014, did not explicitly allege a claim of race discrimination, they were nonetheless sufficient to allege a violation

of the act and, as a result, the relation back doctrine renders her claim timely. We are not persuaded.

We begin our analysis of this contention by setting forth applicable legal principles. "A determination regarding a trial court's subject matter jurisdiction is a question of law. When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Machado* v. *Taylor*, 326 Conn. 396, 403, 163 A.3d 558 (2017). "Our review of a trial court's ruling on a motion to dismiss is de novo and we indulge every presumption favoring jurisdiction." *Pacific Ins. Co., Ltd.* v. *Champion Steel, LLC*, 323 Conn. 254, 259, 146 A.3d 975 (2016).

"Our review of the applicability of the relation back doctrine is plenary." *Commission on Human Rights & Opportunities* v. *Hartford*, 138 Conn. App. 141, 169, 50 A.3d 917, cert. denied, 307 Conn. 929, 55 A.3d 570 (2012). "The relation back doctrine has been well established by [our Supreme Court]. . . . It is proper to amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same, but [when] an entirely new and different factual situation is presented, a new and different cause of action is stated. . . .

"Our relation back doctrine provides that an amendment relates back when the original complaint has given the party fair notice that a claim is being asserted stemming from a particular transaction or occurrence, thereby serving the objectives of our statute of limitations, namely, to protect parties from having to defend against stale claims . . . . [I]n the cases in which we have determined that an amendment does not relate back to an earlier pleading, the amendment presented different issues or depended on different factual circumstances rather than merely amplifying or expanding upon previous allegations." (Citations omitted; internal quotation marks omitted.) *Briere* v. *Greater Hartford Orthopedic Group, P.C.*, 325 Conn. 198, 207–208, 157 A.3d 70 (2017).

"In our review of the plaintiff's claim, we must evaluate the allegations in the complaint. The interpretation of pleadings is always a question of law for the court. . . . In addition, [t]he allegations of the complaint must be given such reasonable construction as will give effect to [it] in conformity with the general theory which it was intended to follow, and do substantial justice between the parties. . . . It is axiomatic that the parties are bound by their pleadings." (Citation omitted; internal quotation marks omitted.) *O'Halloran* v. *Charlotte Hungerford Hospital*, 63 Conn. App. 460, 463, 776 A.2d 514 (2001).

Despite our expansive reading of the original com-

plaint, we cannot divine from it a claim of race discrimination, and it does not put the defendant on notice of such a claim. The plaintiff concedes that her allegations are not explicit, but avers that the specter of discrimination lurks over count one. She cites to one specific allegation in her original complaint, paragraph eleven. There, she alleged that her suspension and termination were "wrongful and also merely a pretext to remove plaintiff from her employment position in order to allow another person to fill that position." She refers to no other language in the original complaint to support her contention.[4]

The inadequate allegations in the original complaint become all the more obvious when they are read alongside those in the amended substitute complaint. In that version, paragraph eleven states: "Defendant's suspending and subsequent terminating of plaintiff through its agent, plaintiff's supervisor, was wrongful and also merely a pretext to remove plaintiff from her employment position *due to her race* in order to allow another person, *of the same race as plaintiff's supervisor*, to fill that position." (Emphasis added.) Although that cause of action may rely on the same underlying facts, it is a new and separate issue entirely.

Indeed, even though the plaintiff now argues on appeal that her amended substitute complaint relates back to her original complaint,[5] her other trial court filings make it clear that it does not—and that she did not intend it to. The plaintiff specifically argued to the trial court that the allegations in count one of the original complaint alleged a common-law claim for wrongful discharge of an at-will employee in violation of public policy, *not* a claim of race discrimination. In her memorandum in opposition to the defendant's motion to strike, the plaintiff stated the following: "Defendant's motion seeks to misdirect the court to see plaintiff's tort claim for wrongful termination[6] as [a] . . . § 46a-101 claim *which is not anywhere alleged by plaintiff. . . . Plaintiff's [substitute] complaint is not asserting a racial discrimination claim under [the act].* Plaintiff's inclusion of the additional facts stated in the amended [substitute] complaint about discrimination based on race, the [commission] process and release thereof *are just allegations in further support of her wrongful termination claim and facts stating violations of public policy.*" (Emphasis altered; footnote added and omitted.)

For those reasons, we conclude that the plaintiff's claim of discrimination on the basis of race, as alleged in her amended substitute complaint, does not relate back to her original complaint and is, therefore, untimely.[7] Accordingly, we agree that the court properly dismissed count one of the amended substitute complaint. We do not determine, however, whether the plaintiff's failure to bring a discrimination claim within

ninety days of receiving the release of jurisdiction from the commission deprived the court of subject matter jurisdiction. The plaintiff presents no argument at all as to whether the time limit of § 46a-101 (e) is either mandatory or jurisdictional. Furthermore, there is no claim of waiver, consent, or equitable tolling. Accordingly, we conclude that the court properly dismissed the race discrimination claim regardless of whether the time limit is jurisdictional.[8] See *Wright* v. *Teamsters Local 559*, 123 Conn. App. 1, 9, 1 A.3d 207 (2010), citing *Williams* v. *Commission on Human Rights & Opportunities*, 257 Conn. 258, 284, 777 A.2d 645 ("[I]f a time requirement is deemed to be mandatory, it must be complied with, absent such factors as consent, waiver or equitable tolling. Thus a complaint that is not filed within the mandatory time requirement is dismissible unless waiver, consent, or some other compelling equitable tolling doctrine applies."), aff'd after remand, 67 Conn. App. 316, 786 A.2d 1283 (2001). Thus, the court did not err in dismissing count one of the amended substitute complaint.

## II

The plaintiff next claims that the court erred by dismissing counts two and three of the amended substitute complaint, and rendering judgment thereon, even though the defendant moved to dismiss only count one and the time to replead the stricken counts had not yet passed. Because we conclude that the court misinterpreted the defendant's motion to dismiss and lacked the authority to dismiss counts two and three of the amended substitute complaint, we agree with the plaintiff that the court committed reversible error.

As a preliminary matter, we must determine our standard of review. In the somewhat unusual circumstances of this case, the parties differ as to the appropriate inquiry. The plaintiff argues that, because the court resolved the case, albeit erroneously, upon a motion to dismiss, our review is plenary. See *Pacific Ins. Co., Ltd.* v. *Champion Steel, LLC*, supra, 323 Conn. 259 ("[o]ur review of a trial court's ruling on a motion to dismiss is de novo and we indulge every presumption favoring jurisdiction"). The defendant counters that the trial court's actions implicate its case management authority, which we review for abuse of discretion. See *Krevis* v. *Bridgeport*, 262 Conn. 813, 818–19, 817 A.2d 628 (2003) ("[w]e review case management decisions for abuse of discretion, giving [trial] courts wide latitude" [internal quotation marks omitted]).

Although the plaintiff's argument oversimplifies the history of this case, we agree with her conclusion that our review is plenary. The defendant imputes to the court a motive not reflected in the record. The court did not explicitly invoke its authority or exercise its discretion in dismissing the plaintiff's case but, rather, apparently misread the defendant's motion to have been

directed at the amended substitute complaint in its entirety. We conclude, therefore, that this case is most closely analogous to those cases where the court misinterprets the pleadings. In such cases, our review is plenary. See *Boone* v. *William W. Backus Hospital*, 272 Conn. 551, 559, 864 A.2d 1 (2005) ("[T]he interpretation of pleadings is always a question of law for the court . . . . Our review of the trial court's interpretation of the pleadings therefore is plenary." [Internal quotation marks omitted.]); *O'Halloran* v. *Charlotte Hungerford Hospital*, supra, 63 Conn. App. 463. Specifically, in this case, our review turns on whether the court had the authority to dismiss counts two and three of the amended substitute complaint. See *Heim* v. *California Federal Bank*, 78 Conn. App. 351, 359, 828 A.2d 129 (eschewing traditional standard of review in favor of inquiry into "whether the court had 'statutory or legal authority' to strike" particular count in absence of motion), cert. denied, 266 Conn. 911, 832 A.2d 70 (2003).

With that in mind, we turn to the legal principles governing motions to dismiss and motions to strike. "There is a significant difference between asserting that a plaintiff *cannot* state a cause of action and asserting that a plaintiff *has not* stated a cause of action, and therein lies the distinction between the motion to dismiss and the motion to strike. . . . A motion to dismiss does not test the sufficiency of a cause of action and should not be granted on other than jurisdictional grounds. . . . As our Supreme Court has explained: A motion to dismiss is not a proper vehicle for an attack on the sufficiency of a pleading. . . . The distinction between the motion to dismiss and the motion to strike is not merely semantic. If a motion to dismiss is granted, the case is terminated, save for an appeal from that ruling. . . . The granting of a motion to strike, however, ordinarily is not a final judgment because our rules of practice afford a party a right to amend deficient pleadings. See Practice Book § 10-44.

"That critical distinction implicates a fundamental policy consideration in this state. Connecticut law repeatedly has expressed a policy preference to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his or her day in court. . . . Our practice does not favor the termination of proceedings without a determination of the merits of the controversy where that can be brought about with due regard to necessary rules of procedure. . . . For that reason, [a] trial court should make every effort to adjudicate the substantive controversy before it, and, where practicable, should decide a procedural issue so as not to preclude hearing the merits of [a case]." (Citations omitted; emphasis in original; footnotes omitted; internal quotation marks omitted.) *Egri* v. *Foisie*, 83 Conn. App. 243, 247–50, 848 A.2d 1266, cert. denied, 271 Conn. 931, 859 A.2d 930 (2004).

## A

We first consider whether the court erred in granting the defendant's motion to dismiss as to counts two and three of the amended substitute complaint. In part I of this opinion, we determined that the court properly granted the defendant's motion to dismiss count one. The record indicates that the defendant did not move to dismiss counts two and three. Accordingly, we conclude that the court erred in granting the motion to dismiss as to counts two and three of the amended substitute complaint, and rendering final judgment thereon.

The following additional facts illuminate this issue. The defendant filed two motions on the same day, September 21, 2015. First, the defendant filed a motion to strike the amended substitute complaint in its entirety. Shortly thereafter, the defendant filed a motion to dismiss count one of the amended substitute complaint. The plaintiff opposed both motions. After a hearing in December, 2015, the court issued a summary order granting both motions in January, 2016, and dismissed the case. The plaintiff requested written decisions, citing Practice Book §§ 10-43 and 64-1.[9] The court issued two memoranda, one for each motion. In its memorandum of decision with respect to the motion to dismiss, the court stated: "This memorandum of decision is in response to a request by the plaintiff, pursuant to [§ 64-1], which states that the court submit a written basis for sustaining the defendant's motion to dismiss all three counts of the plaintiff's amended [substitute] complaint . . . . The motion to dismiss filed by the defendant was to dismiss the complaint for lack of subject matter jurisdiction. . . . The defendant . . . had moved to dismiss all three counts of the plaintiff's amended [substitute] complaint, which was granted by this court on January 6, 2016." In fact, the defendant's motion to dismiss moved only that "the first count of the amended [substitute] complaint be dismissed with prejudice for lack of subject matter jurisdiction."[10]

With some exceptions, trial courts generally lack the authority to act on their own. "As our Supreme Court has explained, due to the adversarial nature of our judicial system, [t]he court's function is generally limited to adjudicating the issues raised by the parties on the proof they have presented and *applying appropriate procedural sanctions on motion of a party*." (Emphasis altered; internal quotation marks omitted.) *Somers* v. *Chan*, 110 Conn. App. 511, 528, 955 A.2d 667 (2008). "Pleadings have their place in our system of jurisprudence. While they are not held to the strict and artificial standard that once prevailed, we still cling to the belief, even in these iconoclastic days, that no orderly administration of justice is possible without them. . . . Our rules of practice contain provisions for the framing of issues. . . . Our rules of practice include Practice Book § 10-39 et seq., which governs motions to strike;

its proscriptions for its purpose and use are carefully set out. Given what may be the legal consequence to a party against whom such a motion is granted, the movants should be required to follow our rules of practice, especially as to the party or parties against whom it is directed. We cannot say that it is an unreasonable practice to condition the right to the remedy sought by a movant on a motion to strike on the requirement that the movant plead for that relief in a manner so that all parties directly concerned know that they are the object of such requested relief. . . . We are mindful that it is a fundamental tenet of due process that persons directly concerned with the result of an adjudication be given reasonable notice and the opportunity to present their claims of defenses." (Citations omitted; footnotes omitted; internal quotation marks omitted.) *Heim* v. *California Federal Bank*, supra, 78 Conn. App. 363–64. This logic applies equally to motions to dismiss. Additionally, "the rules of practice require a party to file a written motion to trigger the trial court's determination of a dispositive question of law." *Vertex, Inc.* v. *Waterbury*, 278 Conn. 557, 564, 898 A.2d 178 (2006).

To that end, even in the cases where a trial court exercises its authority to manage cases outside the rules of practice, our Supreme Court has held that the court must provide certain safeguards to the party adversely affected. "The trial court's broad case management authority simply does not extend so far as to permit the court to: (1) initiate the pretrial disposition of a claim based on the court's perception of its legal insufficiency; and (2) proceed to consider such disposition (a) in disregard of the procedural protections provided in our rules of practice without the agreement of counsel and (b) without notice to the parties and a reasonable opportunity for the plaintiff to oppose the disposition of its claims." Id., 569. We consistently have reversed courts who do not afford nonmovants these safeguards.[11]

Here, the court lacked the authority to dismiss the entire case. The court appears to have misread the motion to dismiss to have sought the dismissal of counts two and three in addition to count one. The defendant concedes that this is "somewhat unorthodox" but argues that, because the court has the authority to dismiss an action where it would be dilatory, unjust and useless to allow the plaintiff to replead, it was not error to dismiss this case. Alternatively, the defendant maintains that the plaintiff's postjudgment complaint, the second substitute complaint, demonstrates that the court's error is harmless because, "as she has done throughout the two and one-half years of this action, [the plaintiff] asserted the identical causes of action that the trial court has twice held to be legally deficient." It certainly is true that "[where] the plaintiff is unable to demonstrate that anything could be added to the complaint by way of amendment that would avoid the

deficiencies in the original complaint, the granting of a motion to dismiss has been found harmless despite its procedural impropriety." *Egri* v. *Foisie*, supra, 83 Conn. App. 250 n.10, citing *McCutcheon & Burr, Inc.* v. *Berman*, 218 Conn. 512, 528, 590 A.2d 438 (1991).

The problem with the defendant's arguments, however, is that the court's decision was not premised on preclusion or framed as a response to repetitive or futile pleading. That is, there was neither a showing by the defendant nor conclusion by the court that the plaintiff could not demonstrate that repleading would not rectify the stricken counts. Like the trial court in *Heim* v. *California Federal Bank*, supra, 78 Conn. App. 363–64, the trial court in the present case simply was mistaken as to the scope of the defendant's motion. As a direct consequence of this mistake, the court concluded that because the plaintiff *had not* stated a claim in counts two and three, the plaintiff *could not* state a claim. That is exactly the violation of strong policy this court warned against in *Egri* v. *Foisie*, supra, 83 Conn. App. 247–50.[12] This court did not condone it then and we cannot condone it now. The plaintiff should not be deprived of her procedural rights without warning or reason; the defendant should not now be allowed to benefit from a motion it did not make.[13] We, therefore, decline to affirm the judgment of dismissal of counts two and three on the grounds the defendant suggests.

B

Having concluded that the court erred in dismissing counts two and three of the amended substitute complaint, we must decide how best to resolve this procedural predicament. For the reasons stated herein, we determine that the plaintiff should be given the opportunity to replead.

"The granting of a motion to strike . . . ordinarily is not a final judgment because our rules of practice afford a party a right to amend deficient pleadings. See Practice Book § 10-44." *Egri* v. *Foisie*, supra, 83 Conn. App. 249. "If a judgment is set aside on appeal, its effect is destroyed and the parties are in the same condition as before it was rendered." *Bauer* v. *Waste Management of Connecticut, Inc.*, 239 Conn. 515, 523, 686 A.2d 481 (1996), citing W. Maltbie, Connecticut Appellate Procedure (2d Ed. 1957) § 345. Accordingly, our reversal of the court's dismissal of counts two and three restores this case to the trial court docket.

In conclusion, therefore, the trial court properly dismissed count one of the amended substitute complaint as untimely. The court, however, in the absence of a motion to dismiss, lacked the authority to dismiss the second and third counts of the amended substitute complaint without affording the plaintiff the opportunity either to defend herself against a motion to dismiss those counts or to replead the stricken counts.

The judgment is reversed as to the dismissal of counts two and three of the amended substitute complaint, and the case is remanded for further proceedings consistent with this opinion. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.

[1] Notwithstanding the January 6, 2016 judgment dismissing the case in its entirety, on May 11, 2016, the plaintiff filed a second substitute complaint alleging (1) tortious conduct, (2) race discrimination and (3) a violation of CUTPA. At the time the second substitute complaint was filed, however, there was no action pending before the trial court. Accordingly, although the defendant moved to strike this complaint on May 23, 2016, the court properly did not address either the complaint or the motion to strike it.

[2] Practice Book § 10-44 provides in relevant part: "Within fifteen days after the granting of any motion to strike, the party whose pleading has been stricken may file a new pleading; provided that in those instances where an entire complaint . . . or any count in a complaint . . . has been stricken, and the party whose pleading or a count thereof has been so stricken fails to file a new pleading within that fifteen day period, the judicial authority may, upon motion, enter judgment against said party on said stricken complaint . . . or count thereof. Nothing in this section shall dispense with the requirements of Sections 61-3 or 61-4 of the appellate rules."

[3] General Statutes § 46a-101 (e) provides, in relevant part: "Any action brought by the complainant . . . shall be brought not later than ninety days after the date of the receipt of the release from the commission."

[4] For example, the initial complaint did not allege that the plaintiff was in a protected class or that the adverse employment action occurred under discriminatory circumstances. See, e.g., *Jones* v. *Dept. of Children & Families*, 172 Conn. App. 14, 25, 158 A.3d 356 (2017) ("[t]o establish a prima facie case of [race] discrimination . . . the [plaintiff] must demonstrate that [1] [she] is in the protected class; [2] [she] was qualified for the position; [3] [she] suffered an adverse employment action; and [4] that the adverse action occurred under circumstances giving rise to an inference of discrimination"). We note that the only explicit mention of race is contained in paragraph one of the initial complaint, where it is alleged that the plaintiff is "a white, sixty-two (62) year old female . . . ."

[5] In her brief, the plaintiff argues that her claim is indeed one of discrimination on the basis of race in violation of the act: "The issue, then, regarding the first count concerns the adequacy of the allegation . . . to state a claim under [§§] 46a-101 (e) and 46-100." We note also that the trial court determined, as a matter of law, that count one of the amended substitute complaint alleged race discrimination.

[6] "[T]he doctrine of wrongful discharge . . . provides a common law cause of action in tort for wrongful discharge 'if the former employee can prove a demonstrably *improper* reason for dismissal, a reason whose impropriety is derived from some important violation of public policy.' " (Emphasis in original.) *Tomlinson* v. *Board of Education*, 226 Conn. 704, 729, 629 A.2d 333 (1993), quoting *Sheets* v. *Teddy's Frosted Foods*, *Inc.*, 179 Conn. 471, 475, 427 A.2d 385 (1980).

Although it is true that there is a strong public policy against discrimination on the basis of race, the common-law tort of wrongful discharge is not available to a plaintiff who alleges such discrimination. "A finding that certain conduct contravenes public policy is not enough by itself to warrant the creation of a contract remedy for wrongful dismissal by an employer. The cases which have established a tort or contract remedy for employees discharged for reasons violative of public policy *have relied upon the fact that in the context of their case the employee was otherwise without remedy* and that permitting the discharge to go unredressed would leave a valuable social policy to go unvindicated." (Emphasis added; internal quotation marks omitted.) *Atkins* v. *Bridgeport Hydraulic Co.*, 5 Conn. App. 643, 648, 501 A.2d 1223 (1985). Because the act provides a specific remedy for employees who have been discriminated against because of their race; General Statutes §§ 46a-60 (a) (1) and 46a-100; the common-law tort is unavailable. See *Burnham* v. *Karl & Gelb*, *P.C.*, 252 Conn. 153, 159–60, 745 A.2d 178 (2000) (adopting rule that plaintiff is precluded from bringing action for wrongful discharge in violation of public policy where statutory remedy exists); *Sullivan* v. *Board of Police Commissioners*, 196 Conn. 208, 216, 491 A.2d 1096 (1985) (holding that act requires all claims of workplace discrimination to

be brought before commission first).

[7] The plaintiff also contends that the court erred in dismissing the first count of the amended substitute complaint without permitting her the time to amend her complaint. Because we conclude that any claim of discrimination on the basis of race would not relate back to the initial complaint and necessarily would be untimely, we need not address this argument.

[8] The court agreed with the defendant that the time limitation in § 46a-101 (e) is jurisdictional. The plaintiff has not challenged this determination, arguing instead that his claim is timely because it relates back. But see *Williams* v. *Commission on Human Rights & Opportunities*, 257 Conn. 258, 277–78, 777 A.2d 645 (time limitations contained in antidiscrimination statutes not necessarily jurisdictional; nonjurisdictional time limits are subject to waiver, consent and other equitable tolling doctrines), aff'd after remand, 67 Conn. App. 316, 786 A.2d 1283 (2001). We acknowledge that our Superior Court has been divided over this question. Compare *Scott* v. *Dept. of Transportation*, Superior Court, judicial district of Hartford, Docket No. CV-15-6060375-S (June 13, 2016) (62 Conn. L. Rptr. 637) (concluding after survey of prior decisions that § 46a-101 [e] is not jurisdictional), with *Lloyd* v. *Connection, Inc.*, Superior Court, judicial district of New Haven, Docket No. CV-11-6023491-S (December 21, 2011) (concluding that, consistent with prior decisions, § 46a-101 [e] is jurisdictional). We choose not to answer the question in this case.

[9] Practice Book § 10-43 provides: "Whenever a motion to strike is filed and more than one ground of decision is set up therein, the judicial authority, in rendering the decision thereon, shall specify in writing the grounds upon which that decision is based."

Practice Book § 64-1 provides, in relevant part: "(a) The trial court shall state its decision either orally or in writing, in all of the following . . . in making any . . . rulings that constitute a final judgment for purposes of appeal under Section 61-1 . . . . The court's decision shall encompass its conclusion as to each claim of law raised by the parties and the factual basis therefor."

[10] The defendant's motion to strike, on the other hand, moved that "the court strike plaintiff's amended [substitute] complaint in its entirety for failure to state a claim upon which relief can be granted." In a separate memorandum, the court granted that motion and *struck* the entire amended substitute complaint in addition to dismissing it.

[11] See, e.g., *Vertex, Inc.* v. *Waterbury*, supra, 278 Conn. 564–65 ("[t]he rules of practice do not provide the trial court with authority to determine dispositive questions of law in the absence of [a motion to strike or a motion for summary judgment]"); *Bombero* v. *Bombero*, 160 Conn. App. 118, 131, 125 A.3d 229 (2015) ("the court improperly rendered judgment on the plaintiff's claim when the plaintiff's motion for summary judgment was limited to the defendant's counterclaim"); *Greene* v. *Keating*, 156 Conn. App. 854, 861,115 A.3d 512 (2015) ("the court acted in excess of its authority when it raised and considered, sua sponte, a ground for summary judgment not raised or briefed by the parties"); *Heim* v. *California Federal Bank*, supra, 78 Conn. App. 361 ("we consider the court's sua sponte [striking] of count three inappropriate because of the absence of a motion to strike by the defendant"); *Yale University School of Medicine* v. *McCarthy*, 26 Conn. App. 497, 502, 602 A.2d 1040 (1992) ("[T]he court dismissed the defendant's counterclaim on its own motion. There was no statutory or other legal authority for the court's dismissal . . . .").

[12] For the same reason, we decline to conclude that what the plaintiff *did* allege after judgment in the second substitute complaint is determinative of what the plaintiff *could* plead on remand. Moreover, because the plaintiff filed this appeal, the amended substitute complaint is the operative pleading. The second substitute complaint has no bearing on our decision, as there was no action pending when it was filed. See footnote 1 of this opinion.

[13] We note that, in choosing to move to strike, the defendant effectively waived the right to move for dismissal on any grounds other than subject matter jurisdiction. See Practice Book § 10-7.