### PETER J. VOLLEMANS, JR. *v.* TOWN OF WALLINGFORD
### (SC 17974)

Rogers, C. J., and Norcott, Katz, Palmer and Vertefeuille, Js.

Argued September 17—officially released October 21, 2008

*Michael J. Rose*, with whom, on the brief, was *Johanna G. Zelman*, for the appellant (defendant).

*John-Henry M. Steele*, for the appellee (plaintiff).

*Joseph D. Garrison* and *Alexandra K. Block* filed a brief for the Connecticut Employment Lawyers Association as amicus curiae.

*Charles Krich* filed a brief for the commission on human rights and opportunities as amicus curiae.

*Opinion*

PER CURIAM. The plaintiff, Peter J. Vollemans, Jr., initiated this action against the defendant, the town of Wallingford, before the commission on human rights and opportunities (commission), claiming that his employment with the defendant had been terminated in violation of the Connecticut Fair Employment Practices Act (act), General Statutes § 46a-51 et seq. The commission dismissed the plaintiff's complaint as untimely and issued a release of jurisdiction pursuant to General Statutes § 46a-83a (a). The plaintiff thereafter commenced a civil action in the Superior Court, wherein the defendant filed a motion for summary judgment. The trial court concluded that the plaintiff had filed his original complaint beyond the limitations period set forth in General Statutes § 46a-82 (e), now codified at § 46a-82 (f), and rendered summary judgment in favor of the defendant. The Appellate Court, in a split decision, reversed the judgment of the trial court. *Vollemans* v. *Wallingford,* 103 Conn. App. 188, 224, 928 A.2d 586 (2007). We granted certification, limited to the following questions: "1. In interpreting . . . § 46a-82 (e), did the Appellate Court properly hold that the statute of limitations began to run on the last day the plaintiff worked? [and] 2. Did the Appellate Court properly determine that summary judgment was inappropriate because (a) there was a genuine issue of material fact regarding the notice of termination and (b) there was a genuine issue of material fact regarding pretext?" *Vollemans* v. *Wallingford,* 284 Conn. 920, 933 A.2d 722 (2007). We affirm the judgment of the Appellate Court.

The facts of this case are not in dispute and are set forth in the opinion of the Appellate Court. "The plaintiff became superintendent of the Pierce power plant, which the defendant owned and operated, in 1989. On February 25, 2000, the plaintiff was informed that the plant would be closed and his position eliminated. The defendant closed the plant on June 30, 2000, but retained the plaintiff's services for some time thereafter as it decommissioned the plant. On November 13, 2002, the defendant's personnel director received a letter from the plaintiff's attorney. That letter provided in relevant part: 'I have been retained by [the plaintiff] to represent him in connection with his current employment situation with the [defendant]. . . . As you probably know, [the plaintiff's] employment is scheduled to terminate effective on or about December 31, 2002 . . . . All of the other employees at the power plant, who are not being terminated, are substantially younger than [the plaintiff] . . . . The absence of any other reason substantiating the disparate treatment between [the plaintiff] and the other power plant employees raises a strong presumption that [the plaintiff] is not being transferred to another position simply because of his age. . . .'

"The plaintiff subsequently was provided written notice of the impending termination of his employment. In a letter to the plaintiff dated December 13, 2002, Raymond F. Smith, the defendant's director of public utilities, informed him that '[t]his letter will serve as final notice of your termination with the [defendant] . . . .' The plaintiff's final day of employment was January 21, 2003.

"The plaintiff filed a complaint with the commission on June 3, 2003, which alleged that his employment was terminated 'because of his age in violation of the prohibitions in the [act] . . . .' After conducting a merit assessment review, the commission dismissed the

plaintiff's action as untimely under § 46a-82 (e). The commission stated: 'The complaint is untimely filed. There is documentation in the form of a letter written by the [plaintiff's] attorney dated November 13, 2002 which indicates that the [plaintiff] was aware that he was scheduled to be terminated as of December 31, 2002. In that the complaint was not filed until June 3, 2003, more than 180 days had elapsed from the date the [plaintiff] had first knowledge of his impending termination. Termination is not a continuing violation.' The commission further issued a release of jurisdiction, authorizing the plaintiff to commence a civil action in the Superior Court.

"The plaintiff's December 17, 2003 complaint followed, which repeated his allegation before the commission that the termination of his employment constituted age discrimination in violation of [the act]. Following discovery, the defendant moved for summary judgment on three grounds: (1) that the plaintiff's complaint to the commission was untimely; (2) that the plaintiff failed to establish a prima facie case of age discrimination; and (3) that the defendant had articulated a nondiscriminatory reason for the termination of the plaintiff's employment. The court heard argument on the motion on May 31, 2005. In its memorandum of decision, the court applied the rule set forth in [*Delaware State College* v. *Ricks*, 449 U.S. 250, 101 S. Ct. 498, 66 L. Ed. 2d 431 (1980), and *Chardon* v. *Fernandez*, 454 U.S. 6, 102 S. Ct. 28, 70 L. Ed. 2d 6 (1981)], holding that 'the alleged discriminatory act for the purposes of the timeliness of the plaintiff's appeal to the [commission] in the present case is the date on which the plaintiff received a definite notice of his termination.' Finding that the plaintiff had received that notice 'sometime before November 13, 2002,' the court concluded that no genuine issues of material fact existed regarding the defendant's claim that the plaintiff's complaint to the

commission was untimely. It therefore rendered summary judgment in favor of the defendant." *Vollemans* v. *Wallingford*, supra, 103 Conn. App. 190–92.

The plaintiff then appealed from that judgment to the Appellate Court, claiming that the trial court improperly had adopted the *Ricks-Chardon* rule as a matter of state law. See id., 209–10. The Appellate Court majority agreed, concluding "that the filing period contained in § 46a-82 (e) commences upon actual cessation of employment, rather than notice thereof." Id., 219. The Appellate Court majority further concluded that summary judgment was not warranted because the plaintiff had established a prima facie case of discrimination and genuine issues of material fact had not been resolved. Id., 219–24.

After examining the record on appeal and fully considering the briefs and arguments of the parties, we conclude that the thoughtful and comprehensive opinion of the Appellate Court majority properly resolved the issues in this certified appeal; see id., 192–224; and, therefore, the judgment of the Appellate Court should be affirmed. Further discussion by this court would serve no useful purpose. See, e.g., *Lord Family of Windsor, LLC* v. *Inland Wetlands & Watercourses Commission*, 288 Conn. 669, 673, 954 A.2d 133 (2008).

The judgment of the Appellate Court is affirmed.