[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 16, 2012
JOHN LEY
CLERK

No. 10-15339
Non-Argument Calendar

_____

D.C. Docket No. 1:10-cv-00107-JRH-WLB


TERESA OLIVIA BROWN,

Plaintiff-Appellant,

versus

JOHN DEERE PRODUCT, INC.,
JOYE SEILBE,
Industrial Relations Representative, John Deere Products,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(March 16, 2012)

Before BARKETT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Teresa Olivia Brown appeals the district court's *sua sponte* dismissal, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), of her *pro se* complaint. In her complaint she alleges employment discrimination based upon gender. On appeal, Brown argues that the district court erred in denying her motion to appoint counsel because she had demonstrated her lack of finances and was unable to obtain an attorney on her own. Brown also asserts that she is entitled to equitable tolling because several days before the deadline for filing her complaint she experienced a traumatic incident in which several individuals broke into her house and searched for valuables and drugs.

I

We review a district court's decision not to appoint counsel for abuse of discretion. *Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1365 (11th Cir. 2007) (per curiam). "A plaintiff in a civil case has no constitutional right to counsel." *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). Pursuant to 28 U.S.C. § 1915(e)(1), a court has the discretion to appoint counsel for an indigent plaintiff, but counsel should be appointed only in exceptional circumstances. *Bass*, 170 F.3d at 1320. Exceptional circumstances generally exist "where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990).

2

The facts and legal issues in this case are neither novel nor complex, and Brown's filings evidence an ability to communicate with the court. Therefore, the district court did not abuse its discretion in denying Brown's motion for appointment of counsel.

## II

A district court's dismissal of a plaintiff's complaint for failure to satisfy the statute of limitations is subject to *de novo* review. *Jackson v. Astrue*, 506 F.3d 1349, 1352 (11th Cir. 2007). We review *de novo* the question of whether a plaintiff is entitled to equitable tolling. *Id*. *Pro se* briefs and pleadings are to be construed liberally. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

After exhausting administrative remedies, an individual with a claim under Title VII of the Civil Rights Act of 1964 may initiate a civil lawsuit. Upon receiving a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"), a plaintiff has ninety days to file a complaint. 42 U.S.C. § 2000e-5(f)(1). This time limit is non-jurisdictional and is therefore subject to equitable tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398, 102 S. Ct. 1127, 1135 (1982). Nevertheless, we have held that "traditional equitable tolling principles require a claimant to justify her untimely filing by a showing of

3

extraordinary circumstances." *Jackson*, 506 F.3d at 1353. We have stated that extraordinary circumstances may include "fraud, misinformation, or deliberate concealment." *Id.* at 1355. Equitable tolling may be warranted if a person has an extreme mental illness that deprives a person of the ability to timely file. *Hunter v. Ferrell*, 587 F.3d 1304, 1308–10 (11th Cir. 2009) (per curiam).

Brown concedes that her complaint was filed more than ninety days after she received a right-to-sue letter from the EEOC. Thus, unless Brown is able to show extraordinary circumstances entitling her to equitable tolling, her complaint was untimely. *See Jackson*, 506 F.3d at 1353.

Although Brown alleges that the district court clerk's office should have informed her that she could file for an extension of time by alleging extraordinary circumstances, she has not identified any legal requirement in support of her argument. Moreover, the inaction of the clerk's office does not amount to extraordinary circumstances because Brown has not alleged any misfeasance on the part of the clerk's office that would support tolling. *See Id.* at 1355. Nor did the alleged home invasion, which took place two days before the ninety-day deadline, amount to an extraordinary circumstance that would justify equitable tolling. The facts alleged do not indicate that the experience deprived Brown of the ability to timely file. Even after invasion, she had the ability to file her

4

complaint.

**AFFIRMED**.