******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************************

JOHN MOSBY *v.* BOARD OF EDUCATION
OF THE CITY OF NORWALK
(AC 39959)

DiPentima, C. J., and Elgo and Harper, Js.

*Syllabus*

The plaintiff sought to recover damages for, inter alia, alleged discrimination
from the defendant Board of Education of the City of Norwalk. After
receiving a release of jurisdiction from the Commission of Human Rights
and Opportunities on February 18, 2016, to file a complaint in the Supe-
rior Court, the plaintiff delivered the process to be served to a constable
on May 27, 2016, who then served the defendant on May 31, 2016.
Thereafter, the trial court granted the defendant's motion to dismiss the
action on the ground that it was untimely because the plaintiff had failed
to commence the action within ninety days of receiving the release of
jurisdiction from the commission, as required by statute (§ 46a-101 [e]).
On appeal to this court, the plaintiff claimed that his action was timely
and, in the alternative, that it fell within the remedial savings statute
(§ 52-593a). *Held* that the trial court properly dismissed the plaintiff's
action as untimely: having received the release of jurisdiction on Febru-
ary 18, 2016, the plaintiff was required to commence his action by May
18, 2016, and although the plaintiff claimed that his action was timely
because the complaint was dated May 9, 2016, and the summons was
signed by the clerk on May 9, 2016, 2016, the record indicated that the
defendant was not served until May 31, 2016, which commenced the
action and occurred after the expiration of the statute of limitations;
moreover, the action could not be saved by application of the remedial
savings statute, which required that process be delivered to the constable
by May 18, 2016, ninety days from the date of the release of jurisdiction
from the commission, as the constable averred in his affidavit that he
did not receive the process from the plaintiff until May 27, 2016, after
the expiration of the statute of limitations, which made the remedial
savings statute inapplicable.

Argued October 25, 2018—officially released February 5, 2019

*Procedural History*

Action to recover damages for, inter alia, the defen-
dant's alleged discrimination, and for other relief,
brought to the Superior Court in the judicial district of
Stamford, where the court, *Lee, J.*, granted the defen-
dant's motion to dismiss and rendered judgment
thereon, from which the plaintiff appealed to this
court. *Affirmed.*

*John Mosby*, self-represented, the appellant
(plaintiff).

*M. Jeffry Spahr*, for the appellee (defendant).

*Opinion*

PER CURIAM. The self-represented plaintiff, John Mosby, appeals from the judgment of the trial court dismissing his action against the defendant, the Board of Education of the City of Norwalk, alleging discrimination in violation of General Statutes §§ 46a-58, 46a-64 and 46a-82, and retaliation in violation of General Statutes § 46a-60. On appeal, the plaintiff claims that the court improperly dismissed his complaint as untimely. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. On February 18, 2016, the plaintiff received a release of jurisdiction from the Commission on Human Rights and Opportunities (commission), with which he had filed a complaint. On May 27, 2016, the plaintiff delivered the process to be served to Constable Ernie Dumas, who then served the defendant on May 31, 2016. The plaintiff's complaint was returned to the court on June 13, 2016. On July 8, 2016, the defendant filed a motion to dismiss the complaint, arguing that the plaintiff had failed to commence his action within ninety days of receiving the release of jurisdiction from the commission as required by General Statutes § 46a-101 (e).[1] By order dated November 8, 2016, the court granted the defendant's motion to dismiss. From that judgment, the plaintiff now appeals.

"Before addressing the plaintiff's claims on appeal, we address the applicable standard of review, which is well settled. A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the court's ultimate legal conclusion and resulting [determination] of the motion to dismiss will be de novo. . . . When a . . . court decides a . . . question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." (Internal quotation marks omitted.) *Bennett* v. *New Milford Hospital, Inc.*, 300 Conn. 1, 10–11, 12 A.3d 865 (2011).

On appeal, the plaintiff argues that his action was commenced in a timely manner. Additionally, the plaintiff indicates that he believes his action falls within the remedial savings statute, General Statutes § 52-593a,[2] which would render his action timely commenced if process had been delivered to the constable prior to the expiration of the statute of limitations and served within thirty days. The defendant disagrees, arguing that the commencement of an action under Connecticut

law occurs with the service of the writ upon the defendant and that the defendant was served after the expiration of the statute of limitations. The defendant also argues that the remedial savings statute does not apply to the plaintiff's case because the plaintiff delivered the service to the constable after the expiration of the statute of limitations. We agree with the defendant.

Pursuant to General Statutes §§ 46a-100 and 46a-101 (e),[3] the plaintiff had ninety days from the date in which he received the release of jurisdiction from the commission to commence his action in the Superior Court. The plaintiff received the release of jurisdiction from the commission on February 18, 2016. The plaintiff, therefore, was required to commence his action by May 18, 2016. In his brief, the plaintiff indicates that his action was filed and served on May 9, 2016, and it was, thus, commenced in a timely manner. Although the plaintiff's complaint is dated May 9, 2016, and the summons was signed by a clerk of court on May 9, 2016, the record indicates that neither was the action filed nor was the defendant served on May 9, 2016.

It is well established that, in Connecticut, "an action is commenced not when the writ is returned but when it is served upon the defendant." (Internal quotation marks omitted.) *Rocco* v. *Garrison*, 268 Conn. 541, 549, 848 A.2d 352 (2004); see General Statutes § 52-45a.[4] The return of service indicates that Constable Dumas served the defendant on May 31, 2016. Accordingly, the plaintiff commenced his action on May 31, 2016, after the expiration of the statute of limitations.

The plaintiff is correct in that, pursuant to the remedial savings statute, his action would not be lost if he had delivered the process to be served to Constable Dumas by May 18, 2016, ninety days from the date he received the release of jurisdiction from the commission. See General Statutes § 52-593a. In his affidavit, however, Constable Dumas averred that he received the summons and complaint from the plaintiff on May 27, 2016. As such, the plaintiff delivered the process to Constable Dumas after the expiration of the statute of limitations, making the remedial savings statute inapplicable to his case. We conclude, therefore, that the court properly dismissed the plaintiff's action.[5]

The judgment is affirmed.

[1] General Statutes § 46a-101 (e) provides: "Any action brought by the complainant in accordance with section 46a-100 shall be brought not later than ninety days after the date of the receipt of the release from the commission."

In its motion to dismiss, the defendant also argued that its motion to dismiss should be granted because the plaintiff had failed to return the process in a timely fashion and had failed to serve the appropriate individual. In its appellate brief, the defendant argues that the court could have dismissed the claim on the alternative ground that the plaintiff failed to make proper service of process. Because we agree with the court that the plaintiff did not commence his action in a timely manner, we need not address this issue.

[2] General Statutes § 52-593a provides in relevant part: "(a) . . . [A] cause or right of action shall not be lost because of the passage of the time limited

by law within which the action may be brought, if the process to be served is personally delivered to a state marshal, constable or other proper officer within such time and the process is served, as provided by law, within thirty days of the delivery.

"(b) In any such case, the officer making service shall endorse under oath on such officer's return the date of delivery of the process to such officer for service in accordance with this section."

[3] General Statutes § 46a-100 provides in relevant part: "Any person who has filed a complaint with the commission in accordance with section 46-82 and who has obtained a release of jurisdiction in accordance with section 46a-83a or 46a-101, may bring an action in the superior court for the judicial district in which the discriminatory practice is alleged to have occurred, the judicial district in which the respondent transacts business or the judicial district in which the complainant resides . . . ." Pursuant to General Statutes § 46a-101(e), such action must be brought within ninety days of the receipt of the release of jurisdiction. See footnote 1 of this opinion.

[4] General Statutes § 52-45a provides: "Civil actions shall be commenced by legal process consisting of a writ of summons or attachment, describing the parties, the court to which it is returnable, the return day, the date and place for the filing of an appearance and information required by the Office of the Chief Court Administrator. The writ shall be accompanied by the plaintiff's complaint. The writ may run into any judicial district and shall be signed by a commissioner of the Superior Court or a judge or clerk of the court to which it is returnable."

[5] In its order granting the defendant's motion to dismiss, the court concluded that its "lack of jurisdiction . . . is a result of untimely service of the summons and complaint by [the] plaintiff." While the plaintiff has not challenged this determination, we note that our Superior Court has been divided over whether the time limit in § 46a-101 (e) is jurisdictional. See *Sempey* v. *Stamford Hospital*, 180 Conn. App. 605, 616 n.8, 184 A.3d 761 (2018) (comparing Superior Court cases). "Although . . . mandatory language may be an indication that the legislature intended a time requirement to be jurisdictional, such language alone does not overcome the strong presumption of jurisdiction, nor does such language alone prove strong legislative intent to create a jurisdictional bar. In the absence of such a showing, mandatory time limitations must be complied with absent an equitable reason for excusing compliance, including waiver or consent by the parties. Such time limitations do not, however, implicate the subject matter jurisdiction of the agency or the court." *Williams* v. *Commission on Human Rights & Opportunities*, 257 Conn. 258, 269–70, 777 A.2d 645, aff'd after remand, 67 Conn. App. 316, 786 A.2d 1283 (2001). Because the plaintiff presents no argument as to whether the time limit of § 46a-101 (e) is either mandatory or jurisdictional and presents no claim of waiver, consent, or equitable tolling, we conclude that "the court properly dismissed . . . the [plaintiff's] claim regardless of whether the time limit is jurisdictional." *Sempey* v. *Stamford Hospital*, supra, 616; see *White* v. *Dept. of Children & Families*, 136 Conn. App. 759, 767, 51 A.3d 1116 (trial court properly dismissed complaint because failure to comply with ninety day deadline renders action "barred by the statute of limitations"), cert. denied, 307 Conn. 906, 53 A.3d 221 (2012).