**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2054
_____

NICHOLAS WALTERS,
Appellant

v.

SAFELITE FULFILLMENT INC;
ABC COMPANIES (1–10)
fictitious names of unknown entities
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 1-18-cv-11111)
District Judge: Honorable Renee M. Bumb
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 23, 2022
_____

Before:  KRAUSE, BIBAS, and PHIPPS, *Circuit Judges*.

(Filed: October 27, 2022)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PHIPPS, *Circuit Judge*.

In this case, a former employee's claim for retaliatory discharge turns on a choice-of-law issue. The employee worked in Connecticut when he was fired, and he did not administratively exhaust his claim. Without meeting that requirement to sue for employment discrimination under Connecticut law, the employee sued in New Jersey federal court under diversity jurisdiction. He claimed that his former employer retaliated against him for his previous objections to its treatment of two employees in New Jersey. But under New Jersey's choice-of-law rules, Connecticut's substantive law applies. And because the former employee did not comply with Connecticut's administrative exhaustion requirement, the District Court correctly entered summary judgment for his former employer.

## I. BACKGROUND

Nicholas Walters worked for Safelite Fulfillment, Inc., a Delaware corporation with a principal place of business in Columbus, Ohio, for about twelve years in several different locations. In 2015, he transferred from the Safelite Auto Glass Store in West Chester, Pennsylvania to the store in Cromwell, Connecticut, and he became a Connecticut resident.

Later that year, Safelite promoted Walters to Store Manager for its store in West Hartford, Connecticut. About a year later, key performance indicators for that store declined. Also at that time, Walters's direct supervisor in Connecticut perceived that Walters had poor leadership skills and was disrespectful and unprofessional. In early 2017, a new district manager, also in Connecticut, placed Walters on a performance improvement plan and later a personal development plan. But Walters's performance did

2

not improve, and after clearing termination paperwork with other managers located in New York and Massachusetts, Walters's supervisor terminated him on April 10, 2017.

To pursue an employment-discrimination claim under Connecticut law, a person has to file a claim with the Connecticut Commission on Human Rights and Opportunities within 180 days of his termination.[1] Walters did not file such a claim.

But New Jersey's Law Against Discrimination does not have an exhaustion requirement. *See* N.J. Stat. Ann. § 10:5-1–10:5-50. And on June 27, 2018, over a year after he was fired, Walters sued Safelite in federal court in New Jersey. After amending his complaint once, Walters claimed that, among other things,[2] Safelite retaliated against him for his objections to the company's treatment of two employees in New Jersey – Greg Manning and Shelby Klein – both of whom later sued Safelite.

Manning was a technician at Safelite's Cherry Hill, New Jersey store, and he had previously worked with Walters at that location. In August 2016, he contacted Walters, who was working for Safelite in Connecticut, to complain about harassment by his supervisor in New Jersey. Manning reached out again to Walters in December 2016 after his manager had placed him on administrative leave for an installation violation. Walters used his managerial privileges to access Safelite's work order system to review records of the installation, and he emailed those records to Manning. Walters also emailed a

---

[1] *See* Conn. Gen. Stat. Ann. §§ 46a-82(a), (f)(1); *Lyon v. Jones*, 968 A.2d 416, 425 n.8 (Conn. 2009); *Vollemans v. Town of Wallingford*, 956 A.2d 579, 581 (Conn. 2008); *see also* Conn. Gen. Stat. Ann. § 46a-101(a)–(b) (providing that no suit can be filed "unless the complainant has received a release from the commission in accordance with the provisions of this section," which may be requested "at any time [after] filing the complaint").

[2] Walters brought three other claims. He dismissed one at the close of discovery, and at a summary judgment, the District Court ruled that Walters had abandoned his two other claims by failing to address them in his opposition brief.

3

training manager with Safelite in Kentucky to request that the manager look into Manning's situation. Two weeks later, Walters was on a telephone conference with three Safelite executives, and one of them expressed displeasure with Walters getting involved in another market.

In early 2015, before his efforts on Manning's behalf, Walters expressed reservations about Safelite's treatment of Klein, a store manager at Safelite's Absecon, New Jersey store. While Klein was out on maternity leave, the Operations Manager asked Walters, who was then working at the West Chester, Pennsylvania store, to assist managing Klein's store. During that time, the store's performance improved, and the Operations Manager asked Walters if he was interested in taking over Klein's position. The Operations Manager explained that if Walters were interested, Safelite would allow Klein to return to work for a brief period so it "wouldn't seem as if [her termination was] for maternal reasons." Walters Dep. at 96: 18–19 (App. 62). At a meeting with the Operations Manager and two other senior managers, Walters expressed ethical concerns about this proposed replacement of Klein, whom Safelite fired shortly after she returned from leave. Rather than accept the offer to manage the Absecon store, Walters sought and received a transfer to Safelite's store in Cromwell, Connecticut.

## II. PROCEDURAL HISTORY

The District Court properly exercised diversity jurisdiction over this suit. *See* 28 U.S.C. § 1332(a). The parties are completely diverse: Walters had citizenship in Connecticut, and Safelite was a citizen of Delaware by incorporation and Ohio by its principal place of business.[3] Also, because Walters sought front pay, back pay, and

---

[3] Walters included unnamed, unserved parties in his complaint, and because he never identified them, they have no effect on the complete-diversity analysis. *See* 13F Charles

4

punitive damages, the amount in controversy is not "to a legal certainty" below the $75,000 threshold. *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938)).

After the close of discovery, Safelite moved for summary judgment on several grounds. One of those was the contention that Walters failed to exhaust his claims as required by Connecticut law. Another of Safelite's arguments was that a requirement for a retaliation claim – a causal connection between his protected activity and termination – was missing. The District Court granted Safelite's summary judgment motion, and in so doing, it relied on those two rationales for rejecting Walters's retaliation claim.

Through a timely appeal, Walters invokes this Court's appellate jurisdiction to challenge the District Court's final order. *See* 28 U.S.C. § 1291. Walters disputes both grounds on which the District Court rejected his retaliation claim.

### III.  DISCUSSION

To succeed on appeal, Walters must prevail on both of his arguments. He must establish that New Jersey substantive law applies. He must also demonstrate an adequate causal connection exists between his termination and his objections to Safelite's treatment of Manning and Klein. On *de novo* review of the summary-judgment record, the choice-of-law issue is dispositive.

A federal court, sitting in diversity, applies the choice-of-law rules of its forum state. *See SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 204 (3d Cir. 2022) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941)). The forum state

Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3642 (3d ed. Apr. 2022 update) (explaining that the "citizenship [of Doe defendants] is disregarded for purposes of determining the existence of diversity jurisdiction").

here, New Jersey, professes to follow the choice-of-law approach from the Restatement (Second) of Conflicts of Law. *See P.V. ex rel. T.V. v. Camp Jaycee*, 962 A.2d 453, 460 (N.J. 2008); *see also Calabotta v. Phibro Animal Health Corp.*, 213 A.3d 210, 218–19, 225–26 (N.J. Super. Ct. App. Div. 2019).

But the parties disagree about which provision of the Second Restatement applies. New Jersey follows one section for resolving choice-of-law conflicts involving statutes of limitations. *See McCarrell v. Hoffman-La Roche, Inc.*, 153 A.3d 207, 210 (N.J. 2017) ("[S]ection 142 of the Second Restatement is now the operative choice-of-law rule for resolving statute-of-limitations conflicts."). But it uses another section for other conflicts that affect the outcome of the proceeding. *See Camp Jaycee*, 962 A.2d at 460 (explaining that, for actual conflicts, New Jersey courts employ the choice-of-law principles in §§ 6, 145, and 146 of the Second Restatement to determine which state law to apply). The conflict of laws here, however, does not concern statutes of limitations. It involves the distinct requirement for administrative exhaustion of employment discrimination claims. Thus, the choice-of-law rule specific to statutes of limitations does not apply here.

The parties do not dispute several aspects of the mainline choice-of-law analysis. An actual conflict exists between New Jersey law and Connecticut law with respect to the administrative exhaustion of employment claims. *See Camp Jaycee*, 962 A.2d at 460 (explaining that "the first step is to determine whether an actual conflict exists"); *see Grossman v. Club Med Sales, Inc.*, 640 A.2d 1194, 1197–98 (N.J. Super. Ct. App. Div. 1994) (analyzing the laws of two jurisdictions for an actual conflict). Connecticut requires administrative exhaustion; New Jersey does not. Also, no one suggests that New Jersey has directed the application of its employment discrimination law to every suit brought in New Jersey. *See Calabotta*, 213 A.3d at 225–26 (explaining that while the

6

New Jersey legislature "did not intend to confine the scope of the [NJLAD] solely to plaintiffs and claimants who reside in [New Jersey]," it also "d[id] not construe the NJLAD to bulldoze over the conflicting laws of other states [with] a nexus to the case"); Restatement (Second) of Conflict of Laws § 6(2) (Am. L. Inst. May 2022 update). Moreover, the parties do not contest that under New Jersey law, the location of the injury – here Connecticut – creates a presumption that the substantive law of that state will govern.  *See Camp Jaycee*, 962 A.2d at 460–61; Restatement (Second) of Conflict of Laws § 146.

The parties do dispute whether Walters has rebutted the presumptive application of Connecticut law.  Under the Second Restatement, that presumption can be rebutted if another state has the most significant relationship to the lawsuit.  *See Calabotta*, 213 A.3d at 226; *see also Camp Jaycee*, 962 A.2d at 460.  The test for the most significant relationship is intricate, and New Jersey courts have increased the efficiency of its application.  Although the Second Restatement identifies seven factors in the most-significant-relationship analysis,[4] New Jersey courts consider only five of those:

(i)     the interests of interstate comity;
(ii)    the interests of the parties;
(iii)   the interests underlying the field of law;
(iv)    the interests of judicial administration; and
(v)     the competing interests of the states.

*See Camp Jaycee*, 962 A.2d at 455, 463; *see also* Restatement (Second) of Conflict of Laws § 6(2)(a)–(g).  The Second Restatement's test then evaluates those five interests with respect to four factual considerations:

---

[4] *See* Restatement (Second) of Conflict of Laws § 6(2)(a)–(g).

7

(i)   the place of injury;

(ii)  the place where the conduct that caused the injury occurred;

(iii) the residence, place of incorporation, or place of business of the parties; and

(iv)  the place where the parties' relationship is centered.

*See Camp Jaycee*, 962 A.2d at 458; Restatement (Second) of Conflict of Laws § 145(2). In all, that produces a matrix of twenty considerations of indeterminate weight. But New Jersey courts have streamlined the analysis so that they do not evaluate each of those considerations in every case; instead, they focus on the considerations that "are relevant to the purposes of the particular laws in conflict." *Fu v. Fu*, 733 A.2d 1133, 1142 (N.J. 1999) (quotation omitted). New Jersey courts have also articulated a principle that reduces the cumbersomeness of the Second Restatement's multivariate analysis for the most-significant-interest test:

> When both conduct and injury occur in a single jurisdiction, with only rare exceptions, the local law of the state where conduct and injury occurred will be applied to determine an actor's liability.

*Camp Jaycee*, 962 A.2d at 462 (quotation marks omitted) (quoting *Fu*, 733 A.2d at 1142).

That principle simplifies the choice-of-law analysis here. Because both Walters's employment and termination occurred in Connecticut, it would require rare circumstances to rebut the presumption that Connecticut substantive law applies. And this is not one of those rare situations. Safelite has stores in New Jersey, but it is not domiciled in that state. Also, Safelite fired Walters, a resident of Connecticut at the time, after he had been working in Connecticut for more than two years, and that decision was made by a district manager in Connecticut. Although that manager consulted with other supervisors at Safelite before doing so, none of them were in New Jersey. Also, with respect to Walters's objections to Safelite's treatment of Manning and Klein, New

8

Jersey's strongest interest is in providing an avenue of redress for Manning and Klein, which they both pursued through litigation in New Jersey. Thus, Walters has not demonstrated that this is a rare circumstance that would overcome the presumptive application of Connecticut substantive law.

* * *

Connecticut employment law applies to Walters's claims, and his suit fails because he did not timely file a complaint with the Connecticut Commission on Human Rights and Opportunities. It is therefore unnecessary to address whether Walters's objections to Safelite's treatment of Manning and Klein were too attenuated from his termination. Accordingly, we will affirm the judgment of the District Court.